```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANKLIN C. WHITE, II,

                Plaintiff,        1:17-cv-00498-MAT
                                  **DECISION AND ORDER**
                -v-

ANDREW SAUL,¹
Commissioner of Social Security,

                Defendant.
_____
```

## **INTRODUCTION**

Franklin C. White, II ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Docket No. 1. The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Docket Nos. 12, 17, 19. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted, and Defendant's motion is denied. The Commissioner's decision is reversed, and the

---

¹ On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration (SSA). Accordingly, the case caption has been amended to name Mr. Saul as the defendant.

matter is remanded to the Commissioner solely for the calculation and payment of benefits.

## PROCEDURAL BACKGROUND

On May 11, 2010, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of April 1, 2002, due to a visual impairment, broken neck, high blood pressure, and type II diabetes. Administrative Transcript ("T.") 75-76, 80, 277, 282. The claims were initially denied on July 9, 2010. T. 80, 94-96. At Plaintiff's request, a video hearing was conducted on January 27, 2011, by administrative law judge ("ALJ") Kenneth Chu. T. 61-74, 80. The ALJ issued an unfavorable decision on March 7, 2011. T. 77-86. Plaintiff appealed the decision to the Appeals Council, which granted his request for review on September 27, 2012, and remanded the case to the ALJ, directing him to further evaluate treating source opinion evidence and obtain clarification from the vocational expert. T. 90-92.

On July 29, 2013, a subsequent video hearing was held before ALJ Jerome Hornblass. T. 8, 30-60. The ALJ issued an unfavorable decision on September 10, 2013. T. 5-15. Plaintiff appealed the decision to the Appeals Council, which denied his request for review on December 30, 2014. T. 1-3.

Plaintiff appealed the decision to the United States District Court for the Western District of New York. T. 921-27. On August 27, 2015, the parties stipulated to remand the case to the

Commissioner for further administrative proceedings. T. 950. On December 31, 2015, the Appeals Council issued a second order remanding Plaintiff's case to the ALJ, and directed him to consider additional evidence, including further evaluation of the treating and non-treating source opinions of Drs. James Budny and Nikita Dave. T. 951-55.

On January 26, 2017, ALJ Stephen Cordovani held a third video hearing. T. 833, 855-901. Plaintiff appeared with his attorney in Jamestown, New York, and the ALJ presided over the hearing from Buffalo, New York. *Id*. An impartial vocational expert also testified via telephone. *Id*. On April 3, 2017, the ALJ issued an unfavorable decision. T. 830-47. Plaintiff appealed the decision directly to this Court.

### **THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a). The ALJ initially found that Plaintiff met the insured status requirements of the Act through December 31, 2004. T. 836. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2002, the alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: obesity; diabetes mellitus; status-

post multi-level neck fusion; right eye blindness; degenerative disc disease low back at L4-5; bilateral shoulder rotator cuff/labrum tears in 2016; and mild left eye diabetic retinopathy. *Id*. The ALJ also determined that Plaintiff's medically determinable impairment of diabetic peripheral neuropathy did not cause significant work-related functional limitations and thus was non-severe. *Id*.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ specifically considered Listings 1.02 (major dysfunction of joint due to any cause); 1.04 (disorders of the spine); 2.02 (loss of central visual acuity); 2.03 (contraction of the visual fields in the better eye); 2.04 (loss of visual efficiency); and 9.00 (endocrine). T. 836-38.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a), except that he: "can lift up to 10 pounds; can sit 2 hours continuously, for a total of 6 hours per day; can stand 1 hour continuously and 4 hours total; can walk 1 hour continuously and 4 hours total; can occasionally climb ramps and stairs; can occasionally kneel, crouch, crawl; no climbing ladders, ropes or scaffolds; no work at unprotected heights or around dangerous

moving mechanical machinery; occasional pushing and pulling; no overhead work; no exposure to extreme heat, humidity or cold; no work with vibratory tools; avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and other respiratory irritants; no work requiring depth perception or peripheral vision." T. 838.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. T. 845.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of document preparer, telephone order clerk, and surveillance system monitor. T. 845-46. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 846-47.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings

"as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## **DISCUSSION**

Plaintiff contends that remand is warranted because the ALJ did not properly evaluate medical opinion evidence offered by Donna Miller, D.O., Corinne Krist, D.O., and Nikita Dave, M.D. Docket No. 12-1 at 18. The Court finds that the ALJ erred by failing to comply with the Appeals Council's December 31, 2015 order directing the ALJ to properly weigh and address the opinion of Dr. Dave. Further, the ALJ did not properly assess the opinion of Plaintiff's treating physician, Dr. Krist. Accordingly, for the reasons explained below, the case is reversed and remanded to the Commissioner solely for the calculation and payment of benefits.

## I. The Appeals Council's Directive

Plaintiff contends that the ALJ failed to weigh Dr. Dave's opinion, despite the Appeals Council's order directing him to do so. Docket No. 12-1 at 22. Defendant responds that Dr. Dave is a consultative examiner whose opinion is not entitled to controlling weight and the ALJ properly considered his opinion. *See* Docket No. 17-1 at 24-25.

The regulations clearly state that an "administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (emphasis added). The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand. *Savino v. Astrue*, No. 07-CV-4233 (DLI), 2009 WL 2045397, at *9 (E.D.N.Y. July 8, 2009) (citing *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("The ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand.") (citations omitted); *Mann v. Chater*, No. 95 CIV. 2997(SS), 1997 WL 363592, at *1-2 (S.D.N.Y. June 30, 1997) (holding that the case must be remanded when the ALJ did not follow the orders of the Appeals Council)).

On December 31, 2015, the Appeals Council issued an order noting, in relevant part:

> The hearing decision does not contain an adequate evaluation of the treating and nontreating source opinion of Drs. James Budny and Nikita Dave. Dr. Budny offered an opinion that the claimant's chronic pain syndrome limited him to one or two hours of work in a sedentary position. This opinion was the subject of a prior remand order from the Appeals Council. The hearing decision finds this opinion is not entitled to great weight but does not give adequate rationale with specific cites to the record to support this assessment. Similarly, Dr. Dave rendered an opinion of moderate to severe limitations in a number of areas. *<u>This opinion was set forth, but not weighed, particularly with regard to the specific functional limitations set forth by the doctor</u>*. Thus, further evaluation of these opinions is warranted.

T. 953-54 (internal citations omitted) (emphasis added). The Appeals Council therefore directed the ALJ to "[g]ive further consideration to the treating and nontreating source opinions pursuant to the provisions of 20 C.F.R. 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-5p, *<u>and explain the weight given to such evidence</u>*. Specifically address each of the proposed limitations from these doctors and the reasoning for adopting or declining to adopt those limitations as part of the residual functional capacity." T. 954 (emphasis added).

The written determination describes Dr. Dave's June 22, 2010 consultative examination, including Dr. Dave's opinion that Plaintiff had "moderate-severe limitations for repetitive bending/twisting in the cervical spine, maintaining the position of his head/neck for prolonged periods of time without head/neck support, activities such as driving that involve repetitive turning/jarring, and the lifting/carrying, and pushing/pulling of

heavy objects. Additionally, it was reported that the claimant had moderate limitations for repetitive bending/twisting through the lumbar spine, prolonged sitting/standing, lifting, carrying, pushing, and pulling heavy objects." *See* T. 839-40 (internal citations omitted); *see also* T. 470-75. The ALJ's assessment of Dr. Dave's opinion was as follows: "Dr. Miller's opinion is also generally consistent with the somewhat vaguer opinion of consultative examiner, Dr. Dave." T. 844.

The Court finds that this one-sentence analysis of Dr. Dave's opinion does not comply with the Appeals Council's order that the ALJ "explain the weight given to such opinion evidence," and "[s]pecifically address each of the proposed limitations . . . and the reasoning for adopting or declining to adopt those limitations." T. 954. The ALJ did not explain the weight given to Dr. Dave's opinion, nor did he explain his reasoning for adopting or failing to adopt specific limitations assessed by Dr. Dave. The assessed RFC appears to conflict with at least some aspects of Dr. Dave's opinion, including Dr. Dave's assessment that Plaintiff has moderate-severe limitations for maintaining the position of his head/neck for prolonged periods of time without head/neck support. The ALJ's failure to properly evaluate Dr. Dave's opinion is particularly troubling because the Appeals Council issued two orders noting the ALJ's failure to properly consider opinion

evidence. *See* T. 91, 953-54. Remand is required on this basis alone.

## II. **Evaluation of Opinion Evidence**

Plaintiff next argues that the ALJ failed to explain why he failed to adopt the opinions of consultative examiner Dr. Miller and treating physician Dr. Krist relating to the functional effects of Plaintiff's bilateral shoulder pain and rotator cuff tear. *See* Docket No. 12-1 at 18.

The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment

relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). "The regulations also specify that the Commissioner 'will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [claimant's] treating source's opinion.'" *Halloran*, 362 F.3d at 32 (quoting 20 C.F.R. § 404.1527(d)(2)) (alterations in original).

As to the ALJ's evaluation of opinions offered by consultative examiners, "[t]he factors for considering opinions from non-treating medical sources are the same as those for assessing treating sources, with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *Andrew L. v. Berryhill*, No. 6:17-CV-1107(DJS), 2019 WL 1081460, at *4 (N.D.N.Y. Mar. 7, 2019) (internal quotations and citation omitted).

Dr. Miller completed a consultative examination of Plaintiff on April 19, 2016. T. 1097-1100. Dr. Miller opined that Plaintiff had moderate limitations for heavy lifting, bending, carrying,

reaching, pushing, and pulling, as well as with depth perception and peripheral vision. T. 1100. Dr. Miller also completed a medical source statement, in which she opined, in relevant part, that Plaintiff could occasionally lift and carry up to ten pounds due to neck and shoulder pain. T. 1101.

On July 7, 2016, Dr. Krist, Plaintiff's treating physician, completed a medical source statement. T. 1470-75. Dr. Krist noted that Plaintiff had three prior surgeries on his cervical spine, in 1991, 1996, and 1999. T. 1475. Dr. Krist opined, in relevant part, that Plaintiff could occasionally lift and carry up to ten pounds. T. 1470. With regard to the use of his right hand, Dr. Krist found that Plaintiff could never perform any type of reaching, including overhead reaching, or handling; could occasionally finger and push/pull; and could frequently feel. T. 1472. With regard to the use of his left hand, Plaintiff could never reach overhead; could occasionally perform all other types of reaching, as well as handling, fingering, and pushing/pulling; and could frequently feel. *Id*. Dr. Krist noted that Plaintiff was right-hand dominant, and that her opinions regarding Plaintiff's use of his hands were supported by a February 2015 elbow injection, as well as a June 2016 "ortho note," which noted decreased sensation. *Id*.

At step two of the sequential analysis, the ALJ found that Plaintiff's bilateral shoulder rotator cuff/labrum tears in 2016

were "severe" impairments. T. 836. To address these impairments, the RFC includes certain limitations, including that Plaintiff can lift up to ten pounds, occasional pushing and pulling, and no overhead work. T. 838. Other than the limitation for "no overhead work," the RFC does not include the right and left hand limitations assessed by Dr. Krist.

The ALJ gave "great weight" to the opinion of Dr. Miller, and "partial weight" to the opinion of Dr. Krist. T. 844. While the ALJ gave "great weight to most aspects of Dr. Krist's opinion," he gave "little weight . . . to the opinion of Dr. Krist that claimant can occasionally reach, [handle] and finger," as "[s]uch opinion is not fully supported by the treatment record or claimant's activity level." *Id*.

The ALJ's weighing and discussion of Dr. Krist's treating source opinion is insufficient, particularly when viewed in light of the treating physician rule. The ALJ failed to explain why he rejected Dr. Krist's opinion that Plaintiff could <u>never</u> reach or handle with his right hand. Further, the ALJ did not adequately explain why he failed to adopt Dr. Krist's opinion that Plaintiff could occasionally reach, handle and finger with his left hand, and occasionally finger with his right hand. Rather, the ALJ rejected Dr. Krist's opinion with the conclusory statement that the opinion was not supported by the record or Plaintiff's activity level. This explanation does not comply with the treating physician rule

-13-

that the ALJ "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33. The above-mentioned limitations assessed by Dr. Krist, particularly Plaintiff's ability to reach in all directions, involve the movement of Plaintiff's shoulders is not supoprted by record medical evidence. The ALJ's failure to explain why he found that Plaintiff could engage in all other forms of reaching is at odds with his finding that Plaintiff's bilateral shoulder rotator cuff/labrum tears constituted severe impairments. Without further explanation by the ALJ, the Court is unable to properly evaluate whether the limitations in the RFC, particularly as they relate to Plaintiff's shoulder impairments, which are supported by substantial evidence in the record.

Defendant argues that the ALJ's conclusion regarding Dr. Krist's opinion and her assessment of Plaintiff's shoulder impairments was reasonable. *See* Docket No. 17-1 at 22. Defendant points to the ALJ's discussion of Plaintiff's activities of daily living, including that Plaintiff could drive, cook, grocery shop, go to the casino, develop a car parts business, and that in 2010, he enjoyed hunting and fishing. *Id*. at 23. However, the written determination does not explain how these activities contradict Dr. Krist's assessment regarding Plaintiff's shoulder limitations, which the ALJ summarily rejected by stating that "[s]uch opinion is not fully supported by the treatment record or claimant's activity

level." *See* T. 844. Further, any attempt by defense counsel to correct this error is insufficient. Defendant's after-the-fact explanation as to why the ALJ rejected Dr. Krist's opinion cannot serve as a substitute for the ALJ's findings. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012) ("this Court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.") (internal quotations and citation omitted); *see also Marthe v. Colvin*, No. 6:15-cv-06436(MAT), 2016 WL 3514126, at *8 (W.D.N.Y. June 28, 2016) ("The Commissioner has attempted to justify the ALJ's application of the treating physician rule by offering new reasons, not considered by the ALJ in rendering his decision. . . . However, no such explicit findings were made by the ALJ, and this Court is not permitted to accept the Commissioner's post-hoc rationalizations for the ALJ's determination."). Because the ALJ failed to properly assess Dr. Krist's opinions in accordance with the treating physician rule, remand is required.

**III. Remedy**

"Sentence four of Section 405(g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405(g)). The standard for directing a remand for

calculation of benefits is met when the record persuasively demonstrates the claimant's disability, *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled, *Butts*, 388 F.3d at 385–86.

After reviewing the entire record, the Court finds that the medical record has been developed fully for the relevant period. Plaintiff has had three administrative hearings and the record contains persuasive proof of Plaintiff's shoulder impairment and the limitations assessed by Dr. Krist. As summarized by the ALJ in the written determination, Plaintiff complained of shoulder pain in January 2016. T. 841. He received a left shoulder/elbow injection in February 2016, and a MRI of the left shoulder dated February 2, 2016 demonstrated findings consistent with a partial tear of the distal supraspinatus and mid infraspinatus tendons, as well as a tear of the anterior inferior glenoid labrum. *Id*. An examination in March 2016 was positive for pain, functional limitation, and decreased range of motion in the right shoulder. *Id*. Plaintiff continued receiving treatment for left shoulder pain in May 2016, when examinations were positive for pain. *Id*. Additional therapeutic injections and physical therapy were prescribed. *Id*. Although Plaintiff reported some improvement following a left shoulder biceps injection, he continued to have significant pain. *Id*. A May 26, 2016 right shoulder MRI showed a rotator cuff tear.

*Id.* Despite objective medical evidence to the contrary, the ALJ does not offer a satisfactory explanation as to why this evidence does not support the arm limitations assessed by Dr. Krist.

At the January 26, 2017 administrative hearing, the vocational expert testified that if the RFC were to limit Plaintiff to "reaching in all directions to only occasional," he "would not be able to do . . . any other job in the national economy." T. 892-93. Further, the vocational expert testified that an RFC limiting Plaintiff's right arm/hand movement to never reaching or handling, occasional fingering, and frequent feeling, and limiting his left arm/hand movement to no overhead reaching, occasional reaching, handing, fingering, and frequent feeling, there would be no work available in the national economy that Plaintiff could perform. T. 893. The vocational expert testified that "the arm and hand limitations . . . would be most prohibitive." T. 894. Simply put, had the ALJ adopted the opinions of Plaintiff's treating physician Dr. Krist as to Plaintiff's arm and hand limitations, the ALJ would have found Plaintiff to be disabled.

Remand for further administrative proceedings to correct the above-discussed errors would serve no purpose. Also, it is worthy to note that this case has been pending since May 11, 2010. As noted above, the limitations assessed by Dr. Krist are well-supported by the record and, coupled with Plaintiff's other

limitations, would result in a finding of disabled.  Remand for the calculation of benefits is warranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded solely for calculation and payment of benefits.  The Commissioner's motion for judgment on the pleadings (Docket No. 17) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 22, 2019
         Rochester, New York