UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANKLIN W.,

                    Plaintiff,                     **DECISION AND ORDER**

      v.

                                      1:17-CV-00498-EAW

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

## INTRODUCTION

Plaintiff Franklin W. ("Plaintiff") seeks attorneys' fees in the amount of $23,411.75 pursuant to 42 U.S.C. § 406(b). (Dkt. 27). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court concerning the reasonableness of Plaintiff's fee request. (Dkt. 31). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On June 5, 2017, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on March 8, 2018. (Dkt. 12). The Commissioner responded and cross-moved for judgment on the pleadings on May 19, 2018. (Dkt. 17). On October 22, 2019, the Court granted Plaintiff's motion, reversed the Commissioner's decision, and remanded the matter solely for calculation and payment of benefits. (Dkt. 21).

By Stipulated Order filed February 8, 2020, the Court approved payment of $7,550.59 to Plaintiff's counsel for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  (Dkt. 26).

On January 11, 2022, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that it withheld $23,411.75, or 25 percent of Plaintiff's past-due benefits to be paid to Plaintiff's representative for legal services rendered.  (Dkt. 27-2 at ¶ 13; Dkt. 27-3 at 4).

On January 27, 2022, Plaintiff timely moved pursuant to 42 U.S.C. § 406(b) seeking $23,411.75 in attorneys' fees.  (Dkt. 27).  In his motion, Plaintiff's counsel indicates that he was awarded the sum of $7,550.59 under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved.  (Dkt. 27-1 at 2; *see* Dkt. 27 at 1).  The Commissioner filed a response on February 17, 2022.  (Dkt. 31).

## DISCUSSION

Section 406(b) provides, in relevant parts, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary

line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Here, Plaintiff's counsel submitted that the total amount of Plaintiff's past-due benefits was $93,647.00 and the SSA withheld $23,411.75 as 25 percent of the total retroactive benefits to be paid to counsel for legal services rendered. (Dkt. 27-3 at 4). The

Commissioner neither contested the total amount of Plaintiff's past-due benefits, nor the SSA's legal fees withholding. (Dkt. 31). The Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. (Dkt. 27-4). Although counsel sought two extensions during the course of Plaintiff's litigation (Dkt. 8; Dkt. 10), the Court does not find that either of them delayed any court proceedings in an attempt to inflate past-due benefits or the potential fee award that would warrant a downward adjustment of the requested fee. Moreover, any delay associated with Plaintiff's bringing the instant application appears to have been caused by the Commissioner's delay in finalizing Plaintiff's disability claim and issuing its Notice of Award. In fact, even though this Court's Decision and Order remanding the matter for calculation of benefits was issued on October 22, 2019, it was not until January 11, 2022, when the Commissioner notified him of his past-due benefits. (Dkt. 21; Dkt. 27-3).

The Court finds that the hours expended by counsel on the case were reasonable in light of the issues presented and the extent of counsel's representation. The requested fee would result in a *de facto* hourly rate of $604.95 ($23,411.75 divided by 38.7 hours). (Dkt. 27-5 at 2). Even though the effective hourly rate requested is greater than counsel's normal hourly rate of $350.00 per hour (Dkt. 27-2 at ¶ 19), the Court finds that the requested fee is not so high as to constitute a windfall to counsel. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate.") (citation omitted). The Court of Appeals for the Second Circuit has recently clarified that in determining whether a requested fee constitute a windfall, courts should consider: (1)

"the ability and expertise of the lawyers and whether they were particularly efficient[;]"
(2) "the nature and length of the professional relationship with the claimant—including
any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]"
and (4) "how uncertain it was that the case would result in an award of benefits and the
effort it took to achieve that result." (*Id*. at 854-56).

Here, Plaintiff received competent representation by Ms. Smith, who has focused
her practice on social security matters since 2016 and handled over 250 cases in this Court.
(Dkt. 27-2 at ¶ 4). Ms. Smith's successful representation and devotion of 38.7 hours on
Plaintiff's case ultimately led to a fully favorable decision awarding Plaintiff past-due
benefits. There is no reason to believe that Plaintiff is dissatisfied with the outcome of
such representation. The Court is also "mindful that 'payment for an attorney in a social
security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL
3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Here, the
success of Plaintiff's claim was uncertain as demonstrated by multiple denials of his
application at the agency level. (Dkt. 27-2 at ¶¶ 6-11).

The Court notes that counsel's effective hourly rate also falls within the range of
rates under § 406(b) approved by courts. *See, e.g.*, *Fields,* 24 F.4th at 851, 856 (2d Cir.
2022) (an effective hourly rate of $1,556.98 was not a "windfall"); *Amy Sue H. v. Comm'r
of Soc. Sec.*, 1:17-cv-00713-JJM, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021)
(collecting cases finding effective hourly rates between $697.20 and $1,000 to be
reasonable in this district). Accordingly, in light of the above, the Court finds that a *de
facto* hourly rate of $604.95 is in line with awards generally approved in this District for

similar work performed.  The Court also notes that counsel is required to return the previously awarded EAJA fee of $7,550.59.  (Dkt. 26).  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 27) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $23,411.75 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $7,550.59 to Plaintiff.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       March 14, 2022
             Rochester, New York